Martin F. Casey
Christopher M. Schierloh
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

JUDGE RAKOFF

10 CIV 0356

RECEIVED JAN 15 2010 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
a/s/o JT INTERNATIONAL USA, INC.,

        Plaintiff,

   - against -

M/V ERKAN K., her engines, boilers, tackle,
furniture, apparel, etc., *in rem*; TURKON
CONTAINER TRANSPORTATION AND
SHIPPING, INC., TURKON LINE, *in personam*,

        Defendants.
------------------------------------------------------------X

**COMPLAINT**

    Plaintiff, by its attorneys, Casey & Barnett, LLC, for its Complaint, alleges upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

    2.    At all material times, FIREMAN'S FUND INSURANCE COMPANY (hereinafter "FFIC" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1 Chase Manhattan Plaza, 37th floor, New York, New York 10005 and is the subrogated underwriter of a consignment of cigarettes, as more fully described below.

3. At all material times, JT INTERNATIONAL USA, INC. (hereinafter "JT International") was and is a corporation with an office and place of business located 500 Frank W. Burr Boulevard, Suite 24, Teaneck, New Jersey 07666, United States and was the owner, consignee and/or assured of a consignment of cigarettes on laden board the M/V ERKAN K., as more fully described below.

4. At all material times, defendant, TURKON CONTAINER TRANSPORTATION AND SHIPPING INC., (hereinafter "Turkon Container") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 100 Plaza Drive, Secaucus, New Jersey 07094 and owns, operates, manages and/or charters ships, including the M/V ERKAN K., that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V ERKAN K., and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court and at all relevant times acted in the capacity of a common carrier of goods by water.

5. At all material times, defendant, TURKON LINE, (hereinafter "Turkon Line") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 100 Plaza Drive, Secaucus, New Jersey 07094 and owns, operates, manages and/or charters ships, including the M/V ERKAN K., that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V ERKAN K., and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court and at all relevant times acted in the capacity of a common carrier of goods by water.

6. At all material times, the M/V ERKAN K. was and is oceangoing vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

7. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

8. On or about January 2, 2009, a consignment consisting, in part, of 196 cases of cigarettes laden into containers number TRKU-403589-6 and TRKU-403465-2, then being in good order and condition, was delivered to the M/V ERKAN K. and the *in personam* defendants and/or their agents in Izmir, Turkey for transportation to New York, New York, in consideration of an agreed freight and pursuant to Turkon Line bill of lading number IZMNYC378330 dated January 2, 2009.

9. Thereafter, the aforementioned consignment was loaded aboard the M/V ERKAN K., Turkon Line bill of lading number IZMNYC378330 was issued and the vessel sailed for its intended destination.

10. Upon delivery of the container it was discovered that the cargo was not in the same good order and condition as when received by the defendant, but instead had suffered physical damage during transit as a result of exposure to salt water.

11. The damage to the aforementioned cargoes was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and breach of bailment, and unseaworthiness on the defendants.

12. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $30,200.71.

13. At all times relevant hereto, a contract of insurance for property damage was in effect between JT International and FFIC, which provided coverage for, among other things, loss or damage to the consignments.

14. Pursuant to the aforementioned contract of insurance between JT International and FFIC, monies have been expended on behalf of JT International to the detriment of FFIC due to the damages sustained during transit.

15. As FFIC has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, FFIC has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendants.

16. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

**WHEREFORE,** Plaintiff prays:

1. *In rem* service of process be issued against the M/V ERKAN K., her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. The M/V ERKAN K., her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

3. The Court order, adjudge and decree that defendants M/V ERKAN K., TURKON CONTAINER TRANSPORTATION AND SHIPPING, INC., and TURKON LINE be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

4. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      January 15, 2010
      299-854

                                   CASEY & BARNETT, LLC
                                   Attorneys for Plaintiff

                By: _____
                                   Martin F. Casey
                                   Christopher M. Schierloh
                                   65 West 36th Street, 9th Floor
                                   New York, New York 10018
                                   (212) 286-0225